UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
_____

| | |
|---|---|
| JIMMY R. TAYLOR, | ) C/A No.: 4:15-cv-3255-BHH-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| JOHN R. PATE, WARDEN, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 14, 2015. (Doc. #1). Respondent filed a motion for summary judgment on October 14, 2015, along with a return and memorandum. (Docs. #11 and #12). The undersigned issued an order filed October 14, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #13). After being granted an extension, Petitioner filed a response on January 7, 2016.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

# **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in the Allendale Correctional Institution. During its March 2006 term, the Orangeburg County Grand Jury indicted Petitioner on three charges of felony DUI, death resulting. Petitioner was represented at a jury trial before the Honorable Diane S. Goodstein by Everett Chandler, Esquire. Appearing on behalf of the State were First Circuit Solicitor David Pascoe and former Assistant Solicitor Bryan Jeffries. A jury found Petitioner guilty as indicted. Judge Goodstein sentenced Petitioner to three concurrent terms of twenty years' imprisonment. (Attachment 1, pp. 542-43).

# **DIRECT APPEAL**

Petitioner timely filed a direct appeal of conviction and sentence with Everett Chandler continuing his representation of Petitioner raising the following issue:

> The trial court erred in allowing the testimony of the State's expert witness after the state affirmed that the expert could and would not testify as to which collision caused the accident and death during pre-trial proceedings.

2

Assistance Attorney General Christina Catoe filed the final brief on behalf of the State. (Attachment 3). In an Unpublished Opinion filed March 30, 2009, the South Carolina Court of Appeals affirmed Petitioner's convictions. (Attachment 1, p. 564).

Tara Dawn Shurling, Esquire, petitioned for rehearing which was denied. Shurling next petitioned the South Carolina Supreme Court for a Writ of Certiorari raising the following issue:

> Whether the Court of Appeals erred in finding that the State did not breach its pre-trial agreement with the Petitioner to not introduce expert testimony regarding which accident caused the death of the victims.

(Attachment 7).

After the State made its Return and counsel replied, the South Carolina Supreme Court denied certiorari on September 2, 2010. (Attachment 10). The remittitur was issued on September 22, 2010. (Attachment 11).

**PCR**

Petitioner filed his application for post-conviction relief (PCR) on June 27, 2011. Petitioner raised the following issues in his PCR application:

(a)     Allowed to go to trial without effective assistance of counsel

Supporting facts: various witnesss not call; not competently prepared; made noncontractual agreements

>   (b)   Were not allowed to enjoyed the rights of a fair trial before an impartial jury
>
>   Supporting facts: Jurors not tested for prejudice or biases: witness seat manipulated
>
>   (c)   Did not invoke the adversarial testing process
>
>   Supporting facts: performance of attorney during opening statement, on examinations & closing argument is below reasonable standard

(Attachment 1, p. 567). Petitioner subsequently amended his PCR application to add an additional ineffective assistance of counsel allegation. Within that amendment, Petitioner alleged, inter alia, that his trial counsel failed to subpoena two additional defense witnesses who would have allegedly "discredited the state's witnesses as to what actions [emergency responders] actually took upon arriving at the scene . . . ." (Attachment 1, pp. 572-80). The State made its Return. (Attachment 1, pp. 581-85).

An evidentiary hearing was conducted on May 22, 2013, before the Honorable Edgar W. Dickson, Circuit Court Judge. W. Scott Palmer, Esquire, represented Petitioner and Assistant Attorney General Walt Whitmire appeared on behalf of the State. (Attachment 1, p. 586).

In his Order of Dismissal filed October 10, 2013, Judge Dickson denied and dismissed all claims with prejudice. (Attachment 1, pp. 730-41).

**PCR APPEAL**

Petitioner filed an appeal from the dismissal of his PCR application and was represented by John Strom of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. In the petition for writ of certiorari, the following issue was raised on Petitioner's behalf:

I. Whether Petitioner's Sixth Amendment rights were violated when counsel failed to object or to supplement the State's on the record recitation of a stipulation agreed to between the parties in chambers that counsel would later argue did not accurately reflect the complete terms of the parties' agreement?

(Attachment 14).

The State made its Return, arguing that Petitioner's issue was left unpreserved for appellate review because it was not specifically ruled upon by the PCR court. In an order filed March 18, 2015, the South Carolina Supreme Court denied certiorari. (Attachment 16). The remittitur was issued on July 20, 2015, which was filed by the Orangeburg County Clerk of Court's office on July 22, 2015. (Attachments 12 and 17).

**HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his pro se petition, quoted

verbatim:

> GROUND ONE: Whether Petitioner's Sixth Amendment rights were violated when counsel failed to object or to supplement the State's on the record recitation of a stipulation agreed to between the parties in chambers that counsel would later argue did not accurately reflect the complete terms of the parties' agreement?
>
> Supporting facts: Ineffective Assistance of Counsel inefficient toward rebuttal to State's evidence which presented false images. Lack of adversarial testing during critical issues. Compromise of defense strategy, formulation of stipulations with the Assist. Solicitor Bryan Jeffries in the Judges chambers to be out maneuvered by the Head Solicitor Pascoe deceptively violating the agreement & not affording this citizen of the State of S.C. and a United States citizen the Constitutional rights to a just and fair trial. Verdict of guilty by this jury is unreliable and does not meet the standard of all elements of a crime proven beyond a reasonable doubt.

(Petition) (errors in original).

## **STANDARD FOR SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an

6

issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

9

## **PROCEDURAL BAR**

The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state

procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

Smith v. Murray, 477 U.S. 533 (quoting Wainwright v. Sykes, 433 U.S. at 84 (1977)). See also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas Petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a Petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues trial counsel was ineffective for failing to object to the State's recitation of a stipulation reached in-chambers. Respondent argues that this claim is procedurally barred from federal habeas review as it was not

11

specifically ruled upon by the PCR judge. Respondent asserts that the PCR judge ruled on an ineffective assistance of counsel claim for failing "to object to the admissibility of expert testimony" and for counsel's failure "to object to the admissibility of expert testimony." Even though this issue was raised in the PCR appeal, Respondent argues that it was unpreserved for PCR appellate purposes and remains unpreserved for habeas review.

In his habeas petition, Petitioner argues counsel failed to object to the Solicitor's placing on the record the following in-chambers discussion:

> that [defense counsel is] going to object to something in the coroner's report down at the bottom. It's the opinion of the coroner that all the decedents were killed instantly when the first impact took place. I just wanted to put on the record that I am not going to elicit any such testimony from the coroner, Mr. Bonnette, with regards to that opinion.

(Attachment 1, p. 134). Petitioner asserts that Defense counsel failed to supplement the stipulation placed on the record by the Solicitor. In his allegation, Petitioner appears to argue that due to counsel's failure to place on the record that the stipulation should have included testimony regarding direction or movement of the victim's bodies upon impact, Petitioner was prejudiced by the inclusion of such testimony.

In the order of dismissal, the PCR judge did not address this issue. The PCR court addressed the issue of whether counsel was ineffective with regard to the testimony of Lt. Dixon concluding as follows:

12

> This Court finds Applicant failed to meet his burden to prove trial counsel was deficient for not objecting when Lt. Dixon testified the collision caused by Applicant resulted in one of the victim's head going through the windshield. Trial counsel objected. The trial judge ruled the testimony was relevant and did not necessitate an expert study. Therefore, this allegation is denied and dismissed.

(Tr. 738).

However, the PCR court did not address the issue raised in Petitioner's Ground One of the petition.[2] As this issue was not ruled upon by the PCR court, it was not

---

[2] At the PCR hearing, Petitioner testified that his understanding of the terms of the agreement reached between his counsel and the solicitor's office while in chambers was that "[n]o expert witness would be called that will state what accident–in order to bifuricate or to tell the difference between which accident may have killed the Neeleys." (Tr. 619).

Trial counsel testified at the PCR hearing that once he presented the State with their theory that the second impact killed the Neeleys, the State informed him that ". . . they were going to have their accident reconstructionist who was basically just a trooper...They were not going to have him testify that the first collision as opposed to the second collision caused the death of the Neeleys." Therefore, trial counsel testified that the judge chose to allow the trial to move forward by "suggesting that their expert would not testify towards which accident caused the death, basically caused the death of the Neeleys...But then in court, once we were in court despite my objection, she allowed testimony that basically said which accident caused the death of the Neeley's." (Tr. 681).

The trial transcript reveals that trial counsel objected during Lt. Dixon's testimony arguing that the Solicitor had represented to counsel that the MAIT team was unable to differentiate between which of the accidents caused the death without a momentum study. Counsel explained that when he stated that he would move for either a suppression hearing or a request for a continuance if they attempted a momentum study at that late date, the State indicated they would not "bring that evidence." (Tr. 334).

The Solicitor argued that it was his understanding based on discussions with trial counsel that he was not going to put a highway patrolman up there, ask them how are they going to die. I'm going to tell you right now I'm not even going to ask that question. . . But you know, I don't want to necessarily go there because our–our opinion is under the law, of course, it doesn't matter under the law if you put somebody in that position, someone else kills them, they can still be found guilty of felony DUI. (Tr. 331).

The trial judge ruled that she saw it as two issues. The judge stated, "the first issue is whether or not a MAIT (Multidisciplinary Accident Investigation Team) team member could

13

preserved for appellate review and is procedurally barred from federal habeas review. Therefore, this issue under Ground One is procedurally barred.[3] See Coleman v. Thompson, 501 U.S. 722, (1991)(stating that if an issue is not properly raised to the

---

testify regarding which of the accidents, given the area of impact, would have most probably moved the bodies in which direction." The judge further found that "the other issue is an issue of which of the accidents cause the death." The judge ruled on counsel's objection finding that Lt. Dixon, a member of the MAIT unit, could testify whether or not the direction of the victims' bodies was consistent with or inconsistent with a frontal or side impact but could not ask any medical conclusions such as what caused the death. (Tr. 334-337). Therefore, the solicitor asked LT. Dixon, "Lieutenant, in your expert opinion what caused Ms. Neeley to go through the front windshield" of the Ford Escort? (Tr. 339). Lt. Dixon responded "[t]he frontal collision with the initial collision with Mr. Taylor's Trail Blazer." (Tr. 339).

      On direct appeal, Petitioner argued that "the trial court erred in admitting the testimony of the State's expert witness after the State allegedly violated a pre-trial agreement concerning the subject of the expert testimony." (Tr. 564). The South Carolina Court of Appeals affirmed finding that the testimony of an expert is left to the sound discretion of the trial judge and further relied on State v. Johnson, 306 S.C. 119, 127-28, 410 S.E.2d 547, 552-53 (1991) (holding there is no reversible error where the defendant fails to demonstrate prejudice resulting from the violation of a pre-trial agreement with the solicitor and the solicitor attempts in good faith to comply with the agreement).

      Based on the record, the trial judge agreed that Lt. Dixon could not testify as to the cause of death-a medical conclusion; however, that testimony regarding movement or direction of the bodies was permissible. Thus, trial counsel did object, in essence, and his objection was sustained. Whether or not testimony subsequently was elicited without objection is not before this court.

      Accordingly, Petitioner fails to demonstrate that the underlying ineffective assistance of counsel claim is substantial, nor can he show PCR counsel was ineffective for failing to raise this exact issue at the PCR hearing or failing to file a Rule 59(e) motion such that it was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton v. Cozner, 679 F.3d 1150, 1157 (9th Cir. 2012); see also Williams v. Taylor, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Martinez v. Ryan,132 S. Ct. 1309 (2012). Therefore, Petitioner has not shown cause to overcome the default.

---

[3] To the extent this issue was raised and ruled upon by the PCR court, it is clear that trial counsel did object to Lt. Dixon's testimony. Thus, the claim that he failed to object is without merit.

state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). See Smith v. Murray, supra; see also Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (stating issue not preserved for review where it was neither raised to nor ruled on by the PCR judge). Petitioner has not demonstrated cause and prejudice to overcome his procedural default.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (doc. #11) be granted and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 5, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.